IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIO CESAR ABREGO<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>PLAINTIFF<br><br>v.<br><br>YU LIN, CORPORATION<br>D/B/A ONE FISH, TWO FISH<br>2423 Pennsylvania Avenue, NW<br>Washington, DC 20037<br><br>SERVE:   Yu Lin<br>          2423 Pennsylvania Avenue, NW<br>          Washington, DC 20037<br><br>And<br><br>YU LIN<br>2423 Pennsylvania Avenue, NW<br>Washington, DC 20037<br><br>DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiff Julio Cesar Abrego ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Yu Lin, Corporation d/b/a One Fish, Two Fish and Yu Lin (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action to recover unpaid wages and statutory damages under the FLSA, DCMWA, and DCWPA.

3. Yu Lin, Corporation is a corporation formed under the laws of the District of Columbia.

4. At all times relevant to this action, Yu Lin was the primary owner and controlling officer of Yu Lin, Corporation. In this capacity, Yu Lin individually:

    a. was personally in charge of managing and controlling all business operations for Yu Lin, Corporation;

    b. was Plaintiff's most senior manager and supervisor;

    c. oversaw and evaluated Plaintiff's job duties;

    d. made or delegated the decision to hire Plaintiff;

    e. set and determined Plaintiff's job duties and responsibilities;

    f. set and determined Plaintiff's rate and method of pay;

    g. set, controlled, and monitored Plaintiff's work schedule.

    h. maintained or caused to be maintained all work and employment records relating to Plaintiff; and

    i. made or delegated the decision to fire Plaintiff.

5. At all times relevant, Defendants operated a Pan-Asian cuisine style restaurant with operations in the District of Columbia.

6. More than fifty percent (50%) of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

7. At all times Defendants sold food and beverages that crossed state and international boarders while in the operation of their business and otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. At all times, Defendants' had gross annual revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9. At all times, Plaintiff and at least two other employees of Defendants were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. Pursuant to the foregoing, at all times, both Defendants qualified as Plaintiff's "employers" or "joint employers" for purposes of the FLSA, DCMWA, and DCWPA.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed at Defendants' One Fish, Two Fish restaurant in Washington, DC as a food preparer and dish washer for the period of about November 2015 through about October 7, 2017 (about 100 weeks).

13. While employed, Plaintiff typically and customarily worked the following schedule:

| | |
|---|---|
| Monday: | 11:00 AM - 11:00 PM (Minus 0.5 Hour Meal Break) (11.5 hours); |
| Tuesday: | 11:00 AM - 11:00 PM (Minus 0.5 Hour Meal Break) (11.5 hours); |
| Wednesday: | 11:00 AM - 11:00 PM (Minus 0.5 Hour Meal Break) (11.5 hours); |
| Thursday: | 11:00 AM - 11:00 PM (Minus 0.5 Hour Meal Break) (11.5 hours); |
| Friday: | 11:00 AM - 11:00 PM (Minus 0.5 Hour Meal Break) (11.5 hours); |
| Saturday: | 11:00 AM - 11:00 PM (Minus 0.5 Hour Meal Break) (11.5 hours); |
| Sunday: | OFF |

**TOTAL WEEKLY HOURS:       69**

14. While employed, Defendants paid Plaintiff a flat bi-weekly salary, paid entirely in cash.

15. While employed, Defendants paid Plaintiff a salary of $450.00 per week and, in the last few months of his employment, raised Plaintiff's salary to $725.00 per week.

16. Defendants violated Federal and District of Columbia overtime compensation laws because Defendants failed to pay Plaintiff overtime wages at the time-and-one-half rate for hours worked per week over forty (40).

17. Defendants owe Plaintiff unpaid time-and-one-half overtime wages in the total amount of about Fifty-Five Thousand Dollars ($55,000.00).

18. At all times, Defendants had actual knowledge of the Federal and District of Columbia wage payment and overtime compensation laws.

19. At all times, Defendants had actual knowledge that the rate and method by which Defendants paid (or failed to pay) Plaintiff was in direct violation of Federal and District of Columbia wage payment and overtime compensation laws.

20. At all times, Defendants paid Plaintiff in cash for the very reason that Defendants wanted to conceal their willful, knowing, and ongoing violation of Federal and District of Columbia wage payment and overtime compensation laws.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

21. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

22. The FLSA required Defendants to pay Plaintiff for overtime worked over forty (40) hours per week at the FLSA required time-and-one-half rate.

23. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the Federal FLSA time-and-one-half requirements.

24. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for unpaid overtime wages in the amount of $55,000.00, or such other amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and

post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

25. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

26. District of Columbia law required Defendants to pay Plaintiff for overtime worked over forty (40) hours per week at the DCMWA required time-and-one-half rate.

27. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the District of Columbia DCMWA time-and-one-half requirements.

28. Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid overtime wages in the amount of $55,000.00 or such other amount as is proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple (4x) damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### DC Wage Payment Act - Unpaid Wages

29. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

30. Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

31. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

32. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

33. Defendants owe Plaintiff wages - - specifically overtime wages - - for work duties performed as set forth above.

34. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

35. Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in the amount of $55,000.00 or such other amount as is proven at trial, plus liquidated damages as provided by statute (quadruple (4x) damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*