UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JULIO CESAR ABREGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 17-2315(EGS) |
| YU LIN, CORPORATION D/B/A | ) | |
| ONE FISH, TWO FISH and | ) | |
| YU LIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Julio Cesar Abrego filed a complaint against defendants Yu Lin, Corporation and its owner, Yu Lin,[1] alleging that defendants failed to pay him overtime wages due to him under the Fair Labor Standards Act ("FLSA"), the D.C. Minimum Wage Revision Act, and the D.C. Wage Payment and Collection Law. Pending before the Court is defendants' motion to dismiss on the ground that Mr. Abrego's lawsuit is barred by a settlement agreement between the parties. Upon consideration of defendants' motion, the response and reply thereto, and the applicable case law, the Court **DENIES** defendants' motion to dismiss.

---

[1] Although the complaint alleges that Yu Lin is the owner of Yu Lin, Corporation, *see* Compl., ECF No. 1 ¶ 4, defendants' pleadings suggest that Mr. XiBiao Zou is the owner, *see* Def.'s Reply, ECF No. 9.

1

## I. BACKGROUND

Between November 2015 and October 2017, Mr. Abrego was an employee of One Fish, Two Fish, a restaurant in the District of Columbia owned and operated by defendants. Compl., ECF No. 1 ¶¶ 3-4, 12. Mr. Abrego alleges that he typically worked at the restaurant six days a week for approximately eleven and a half hours a day, for a total of sixty-nine hours a week. *Id.* ¶ 13. For this work, Mr. Abrego claims that he was paid $450 in cash each week, although "in the last few months of his employment," his salary was raised to $725 every week. *Id.* ¶ 15. He claims that this wage "violated Federal and District of Columbia overtime compensation laws because Defendants failed to pay Plaintiff overtime wages at the time-and-one-half rate for hours worked per week over forty." *Id.* ¶ 16. Based on his calculations, Mr. Abrego claims that defendants owe him $55,000 in unpaid overtime wages. *Id.* ¶ 17.

Prior to filing suit, Mr. Abrego's counsel sent a pre-litigation demand letter for settlement purposes to defendants. *See* Pl.'s Opp. Ex. 1, ECF No. 8-1. In that letter, Mr. Abrego's counsel explained that, although Mr. Abrego worked sixty nine hours a week for One Fish, Two Fish, he had only been paid an average of $500 each week. *Id.* Counsel asserted that One Fish, Two Fish's failure to pay Mr. Abrego overtime wages violated federal and District of Columbia laws, and he explained that

those laws permitted Mr. Abrego to recover four times his unpaid wages in liquidated damages — which would have amounted to approximately $217,500 — in addition to attorney's fees. *Id.* Counsel proposed settling the matter for $137,000, which was approximately two and a half times Mr. Abrego's unpaid wages plus $2000 in attorney's fees and costs. *Id.*

Defendants did not respond to the pre-litigation demand letter, and on November 2, 2017, Mr. Abrego filed the instant suit. *See generally* Compl., ECF No. 1. The next day, on November 3, 2017, Mr. Abrego allegedly signed an agreement settling his employment claims against defendants for $6,000. *See* Pl.'s Opp., ECF No. 8 at 2-3. The agreement contains a provision releasing *all* disputes between Mr. Abrego and Yu Lin, Corporation and its owner. Def.'s Reply, ECF No. 9 at 3. This settlement agreement was made "outside the knowledge of [plaintiff's] counsel and without the assistance of his counsel." Pl.'s Opp., ECF No. 8 at 2.

On December 8, 2017, defendants filed a motion to dismiss on the ground that Mr. Abrego had released his employment claims when he signed the settlement agreement. Def.'s Mot. to Dismiss, ECF No. 6. That motion is now ripe and ready for the Court's adjudication.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). While detailed factual allegations are not necessary, the plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Id.*

When ruling on a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The Court must accept as true all of the factual allegations contained in the complaint and must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Importantly, the Court need not accept inferences that are "unsupported by the facts set out in the complaint." *Id.* "Nor must the court accept legal conclusions cast in the

form of factual allegations." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. ANALYSIS

Plaintiff alleges defendants violated the FLSA, the D.C. Minimum Wage Revision Act, and the D.C. Wage Payment and Collection Law. *See* Compl., ECF No. 1 ¶¶ 21-35. With respect to employers' liability, the District of Columbia statutes are construed consistently with the FLSA. *Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139, 146 (D.D.C. 2011). Defendants only argument in their motion to dismiss is that Mr. Abrego's claims must be dismissed because plaintiff "has reached a Settlement Agreement" that contains a release of his claims. *See* Def.'s Mot. to Dismiss, ECF No. 6; *see also* Def's Reply, ECF No. 9 at 1 ("Plaintiff, Julio Cesar Abrego, has negotiated a solid Settlement Agreement with Mr. Zou and Yu Lin Corp. a.k.a. One Fish Two Fish all by himself."); *id.* at 3-4 ("The most important issue is that if both parties settle the matter, there is no need for the court to get involved.").

Congress enacted the FLSA "to protect certain groups of the population from substandard wages and excessive hours" that can result from the "unequal bargaining power as between employer and employee." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To that end, because allowing "waiver of statutory

5

wages by agreement would nullify the purposes of the Act," *id.* at 707, the provisions of the FLSA are "'mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement,'" *Sarceno v. Choi*, 66 F. Supp. 3d 157, 166 (D.D.C. 2014) (quoting *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014)); *see also Beard v. D.C. Hous. Auth.*, 584 F. Supp. 2d 139, 143 (D.D.C. 2008) ("It is a long-held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by agreeing on sub-minimum wages."). In other words, "protections for employees trump any purported settlement or waiver of the employees' rights to bring suit for FLSA violations." *Carrillo v. Dandan, Inc.*, 51 F. Supp. 3d 124, 128 (D.D.C. 2014); *cf. Sarceno*, 66 F. Supp. 3d at 166 ("typical tenets of contract law do not apply to FLSA settlements").

Consistent with these principles, other courts in this district have found that a private settlement agreement in an FLSA suit is only enforceable if the agreement "resolves a bona fide dispute between the parties and the terms of the settlement are fair and reasonable." *Sarceno*, 66 F. Supp. 3d at 170 (citing *Martin v. Spring Break '83 Productions*, 688 F.3d 247 (5th Cir. 2012)). A settlement resolves a bona fide dispute if it "reflects a reasonable compromise over issues ***that are actually***

***in dispute***, since merely waiving a right to wages owed is disallowed." *Carrillo*, 51 F. Supp. 3d at 132 (citations and internal quotation marks omitted, emphasis added). If the Court determines that the threshold requirement that there be a bona fide dispute is not met, it need not analyze the settlement agreement for indicia of fairness and reasonableness. *See Hernandez v. Stringer*, 210 F. Supp. 3d 54, 62 n.6 (D.D.C. 2016).

In *Brooklyn Savings*, which considered two consolidated cases, the Supreme Court emphasized the importance of the existence of a bona fide dispute in assessing the enforceability of private settlement agreements. 324 U.S. 697. In the first of the two consolidated cases, the employer paid the former employee the overtime wages owed to him prior to the commencement of any litigation and obtained a release of all the employee's rights under the FLSA. *Id.* at 700. Noting that the state courts had made "no findings of fact" on the issue of whether the release in the employee's settlement "was given in settlement of a bona fide dispute between the parties with respect to coverage or amount due . . . or whether it constituted a mere waiver of his right to liquidated damages," the Supreme Court held that that release was ineffective to waive the employee's rights under the FLSA. *Id.* at 703-704.

In the second case of the two consolidated cases, the employer offered the employee a settlement in the amount of $500

7

in exchange for the release of all claims. *Brooklyn Savings*, 324 U.S. at 701-02. When the employee sued for the balance of the statutory wages due to him and the liquidated damages available under the FLSA, the employed asserted that the settlement agreement precluded suit. *Id.* at 702. The Supreme Court disagreed, explaining that the "invalidity of the release or waiver in [the first consolidated case] makes the release and waiver [in the second consolidated case] a fortiori invalid." *Id.* at 713. This was because, at the time of the settlement, "both parties **knew** more than $500.00 was due" to the employee under the FLSA. *Id.* (emphasis added). Thus, because the settlement was not "made as the result of a bona fide dispute between the two parties in consideration of a bona fide compromise and settlement," the release contained in the settlement was unenforceable. *Id.* at 714.

Here, there is nothing in the complaint that supports a finding that the parties' purported settlement agreement is "the result of a bona fide dispute between the two parties." Defendants' purported liability stems from an alleged violation of the FLSA, which provides that "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as

8

the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 207 states as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

*Id.* § 207(a)(1). Mr. Abrego claims that defendants violated these provisions by failing to pay him overtime wages for the time he worked in excess of forty hours per week. *See* Compl., ECF No. 1. On the record before the Court, there is no dispute between the parties as to applicability of the FLSA's overtime requirements to Mr. Abrego, the number of hours worked by Mr. Abrego, or the wages owed to him under the FLSA. *See Hernandez*, 210 F. Supp. 3d at 62. In the absence of a bona fide dispute, the settlement agreement signed by Mr. Abrego appears to be the sort of "mere waiver" of FLSA rights that is clearly prohibited. *Brooklyn Savings*, 324 U.S. at 707. Accordingly, the settlement agreement does not bar Mr. Abrego's claims in this action.

**IV. CONCLUSION**

For the reasons set forth in this Memorandum Opinion, defendants' motion to dismiss is **DENIED**. A separate Order accompanies this Opinion.

**SO ORDERED.**

**Signed:	Emmet G. Sullivan
United States District Judge
July 9, 2018**